15 N.J. Super. 333 (1951)
83 A.2d 370
BEATRICE L. DeJONGE, PLAINTIFF,
v.
JACOB A. DeJONGE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 18, 1951.
*334 Mr. Harold M. Savage, attorney for plaintiff.
Mr. Edward J. Abromson, attorney for defendant.
McLEAN, J.S.C.
This is an application for an increase of alimony. An order for alimony was included in the judgment *335 nisi entered November 28, 1949, which provides as follows: "And it is further ordered that the defendant pay to the plaintiff the sum of $20 per week from and after said date of this order for the support and maintenance of herself and the infant child of said marriage, and that defendant pay the reasonable medical and dental bills for said infant child, and that plaintiff notify defendant whenever such medical or dental care is required."
This matter is before the court on plaintiff's affidavit. No answering affidavits have been filed.
Plaintiff's affidavit sets out that certain necessary medical and dental charges for services rendered to the infant child of the marriage have not been paid. This phase of the matter should be proceeded with in a summary manner by contempt proceedings, inasmuch as defendant was ordered to make such payments. However, defendant is entitled to be satisfied by affidavit or oral testimony as to the amount and validity of the demands.
Concerning the increase of alimony there are significant facts which must be carefully inquired into to determine if the amount of alimony was agreed upon irrespective of plaintiff's needs and defendant's ability to pay in consideration of defendant withdrawing his answer and allowing plaintiff to obtain her divorce without opposition. Such an arrangement could amount to collusion and move the court to deny the pending application. "`The policy of our law favors marriage and disfavors divorce. Parties may not be permitted to make agreements with respect to divorce suits which would be perfectly proper to be made in other litigations. In divorce suits, public policy requires that certain agreements shall not be made between the parties, and when such interdicted agreements are made they are termed "collusive."' * * * collusion may be implied from the acts of the parties." Dennison v. Dennison, 98 N.J. Eq. 230, 233 (Ch. 1925), and authorities there cited.
In the instant case, an answer was filed in the divorce proceedings but was withdrawn and the case proceeded ex *336 parte. No opposition was advanced on the part of the defendant as to allowances. This application comes 14 months after final judgment and it would appear that the circumstances on which it is based were known or could have been foreseen at the time the order was made, and if that be so there may be a question as to any material change in circumstances, the necessary requirement for a modification. While the court is always open for revision of orders affecting alimony, many of the cases coming to the attention of the court are based on the same facts and circumstances as the original application, only differently stated and sometimes colored for present purposes. Many of these applications are motivated by vindictiveness and are brought for the purpose of embarrassing and harassing the former husband. Our present procedure looks to the settlement of the differences between litigants on the merits with the least expenditure of time and expense. The practices here referred to encourage litigation and violate such purposes and must be discouraged.
For the reasons above indicated an inquiry into the merits of this case should be had in open court and the parties subjected to cross examination. Application should be made to the presiding judge of the Essex County vicinage for a day to be fixed for hearing.